*E-FILED: February 14, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARNER BECKETT, | No. C11-00246 HRL |
| Plaintiff, | ORDER (1) GRANTING PLAINTIFF'S MOTION TO DISMISS; (2) DENYING AS MOOT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; (3) DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION FOR CONTINUANCE |
| v. | |
| MACYSDSNB and DOES 1-5, | |
| Defendants. | |
| | [Re: Docket Nos. 36, 44, 50] |

This action arises out of the alleged inaccurate and incomplete reporting of plaintiff Garner Beckett's credit information. Beckett filed this suit against defendant Macy's Credit and Customer Services, Inc. (Macy's)[1] on January 18, 2011, asserting a sole claim for relief under the federal Fair Credit Reporting Act (FRCA), 15 U.S.C. § 1681s-2(b). That statute essentially imposes on Macy's a duty to conduct an investigation when it receives a notice of a dispute with respect to the completeness or accuracy of information provided to a consumer reporting agency. Macy's answered the complaint. After all parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the court held an initial case management conference on April 19, 2011. At that time, the court set a case management schedule, including an October 19, 2011 fact discovery cutoff; a February 14, 2012 deadline for hearing dispositive motions; an April 24, 2012 final pretrial conference; and a 3-day jury trial

---

[1] Defendant says that it erroneously was sued as "MACYSDSNB."

set to begin on April 30, 2012. Shortly after, the parties participated in a court-sponsored mediation, which did not lead to settlement.

There was no significant activity on the docket until December 27, 2011 when plaintiff's counsel (of The Fullman Firm) moved to withdraw from the case. In that motion, counsel stated that they wished to resign from the matter. The court was told that plaintiff had, in September and October 2011, consented orally and in writing to the withdrawal and, further, that plaintiff had secured other representation. There being no objection to the request, The Fullman Firm was permitted to withdraw. Plaintiff's current counsel, Perry Woodward of the Terra Law firm, then substituted into the case.

Citing difficulties in scheduling plaintiff's deposition and the recent change in plaintiff's counsel, defendant then moved for an extension of time to complete Beckett's deposition, as well as an extension of dispositive motion filing and hearing deadlines. Defendant's motion was granted as unopposed. Plaintiff was ordered to appear for his deposition by January 10, 2012. The deadline for hearing dispositive motions was extended to February 28, 2012, giving the parties until January 24, 2012 to file any such motions.

A few days later, on January 9, 2012, plaintiff filed the instant motion, pursuant to Fed. R. Civ. P. 41(a)(2), for an order dismissing this action without prejudice. In sum, plaintiff says that his former counsel at The Fullman Firm botched the case from the outset and then told him that they were quitting. According to Beckett, The Fullman firm filed the FCRA claim, even though the claim "does not fit the facts as The Fullman firm knew them." (Beckett Decl. ¶ 2). Plaintiff says that The Fullman Firm also failed to conduct any discovery and did not tell him that it might be necessary to retain an expert. (Id.). Beckett wants to drop the FCRA claim and requests that the instant action to be dismissed without prejudice to pursue a claim in state court for alleged violation of California Civil Code § 1785.25(a). That statute prohibits a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CAL. CIV. CODE § 1785.25(a).

Macy's opposes the motion for dismissal. In defendant's view, plaintiff's motion should be denied outright—or, if it is granted, then the case should be dismissed *with* prejudice. Alternatively, if the court orders dismissal without prejudice, then Macy's argues that plaintiff should be made to pay its fees and costs incurred in the defense of this federal action.

Several weeks after plaintiff filed the instant motion for dismissal, defendant moved for summary judgment on the FCRA claim. Macy's also filed an administrative motion to continue the hearing on plaintiff's motion to coincide with the subsequent summary judgment hearing.

Plaintiff's motion for dismissal is suitable for determination without oral argument, and the noticed February 21, 2012 hearing is vacated. CIV. L.R. 7-1(b). Upon consideration of the moving and responding papers, and for the reasons stated below, plaintiff's motion to dismiss is granted, and defendant's summary judgment motion is denied as moot, as is defendant's administrative motion to continue the hearing on plaintiff's motion to dismiss.

Federal Rule of Civil Procedure 41(a)(2) allows a plaintiff, pursuant to a court order and subject to any terms and conditions the court considers proper, to dismiss an action without prejudice. See FED. R. CIV. P. 41(a)(2); Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001); see also Westlands Water Dist., 100 F.3d at 96 ("When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal."). Such motions are within the district court's sound discretion. Westlands Water Dist., 100 F.3d at 96.

The Ninth Circuit has held "that legal prejudice is just that—prejudice to some legal interest, some legal claim, some legal argument." Westlands Water Dist., 100 F.3d at 97. "Uncertainty because a dispute remains unresolved is not legal prejudice." Id. Nor does prejudice "result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal." Smith, 263 F.3d at 976. In determining whether dismissal without prejudice is appropriate, district

3

courts in this circuit have considered the following factors: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay and lack of diligence by the moving party in prosecuting the action; (3) insufficient explanation of the need for dismissal; and (4) the fact that the opposing party has moved for summary judgment. See Williams v. Peralta Community College Dist., 227 F.R.D. 538, 540 (N.D. Cal. 2005) (citing Burnette v. Godshall, 828 F. Supp. 1439, 1443-44 (N.D. Cal. 1993)); Blueearth Biofuels, LLC v. Hawaiian Elec. Co., Inc., No. C09-00181, 2011 WL 2938512 *2 (D. Hawai'i, July 18, 2011) (citing United States v. Berg, 190 F.R.D. 539, 543 (E.D. Cal. 1999)).

Dismissal without prejudice will not result in legal prejudice to Macy's. True, discovery has closed; and, under the court's scheduling order, this case is set to proceed to trial in a matter of months. But, the record presented indicates that the timing of plaintiff's motion to dismiss, while not ideal, is not due to any fault of Beckett or his current attorneys. All indications are that Beckett's prior counsel improperly filed the federal FCRA claim, failed to prosecute the matter on his behalf, and then essentially abandoned him shortly before discovery closed. The instant motion to dismiss was filed within a week after this court approved the withdrawal of plaintiff's prior counsel and Woodward's substitution into the case.

Macy's suggests that voluntary dismissal will result in the loss of a federal forum. (Opp. at 5). See Westlands Water Dist., 100 F.3d at 97 ("[I]n determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."). That argument does not hold up under close scrutiny. Beckett's federal claim and his anticipated state law claim may overlap to the extent that both concern the alleged reporting of incomplete or inaccurate information to a consumer reporting agency. But, the claims otherwise appear to be distinct: the asserted federal FCRA claim concerns Macy's duty to investigate disputes over the completeness or accuracy of information; California Civil Code § 1785.25(a) prohibits, in the first instance, the provision of information that a person knows or should know is incomplete or inaccurate. Moreover, defendant has moved for summary judgment on the FCRA claim, and Macy's asserted no counterclaims. Thus, dismissal of the federal claim and Macy's

4

1  purported "loss" of a federal forum is really no loss at all to Macy's. If defendant believes that
2  Beckett's anticipated state law claim is defective, there certainly are procedures by which it
3  may bring its arguments to the attention of the state court. "In any event, the need to defend
4  against state law claims in state court is not 'plain legal prejudice' arising from voluntary
5  dismissal of the federal claim in the district court." Smith, 263 F.3d at 976. Although Macy's
6  contends that Beckett is forum shopping, it appears to this court that he is simply trying to
7  correct the mistakes of his prior counsel. Denying his motion essentially would deny him an
8  opportunity to seek the relief he says the law affords him. Accordingly, plaintiff's motion to
9  dismiss will be granted, without prejudice to his pursuit of a state court action.

10  Defendant contends that it has incurred substantial expense defending this federal action
11  over the past year. The Ninth Circuit has "explicitly stated that the expense incurred in
12  defending against a lawsuit does not amount to legal prejudice." Westlands Water Dist., 100
13  F.3d at 97. Nevertheless, Macy's "interests can be protected by conditioning the dismissal
14  without prejudice upon the payment of appropriate costs and attorney fees." Id. Macy's may
15  be entitled to reimbursement of fees and costs incurred in defending against plaintiff's asserted
16  federal FCRA claim, and this court will condition dismissal upon payment of Macy's
17  reasonable fees and costs incurred. However, fees and costs will only be awarded for work
18  which cannot be used in any future litigation. Id. Here, Macy's acknowledges that information
19  obtained at plaintiff's deposition may be usable in a future state court action. (Opp. at 7).
20  Additionally, the court is disinclined to award any fees or costs attributable to Macy's summary
21  judgment motion, which was filed several weeks *after* plaintiff moved for dismissal. Those
22  expenses could have been avoided altogether if Macy's had—as it did previously—sought an
23  extension of dispositive motion deadlines. By filing its summary judgment motion weeks after
24  the motion for voluntary dismissal, defendant took "a large risk that [its] work would be
25  disregarded entirely in the first round of litigation." Westlands Water Dist., 100 F.3d at 98.

26  Based on the foregoing, plaintiff's FCRA claim is dismissed without prejudice to
27  plaintiff to pursue a state court action. Defendant's motion for summary judgment is denied as
28

5

1 moot. Defendant's administrative motion to continue the hearing on plaintiff's motion to
2 dismiss is denied as moot.

3 Meanwhile, if Macy's chooses to seek reimbursement of its fees and costs, the parties
4 shall attempt to resolve the matter, without court intervention, through good faith meet-and-
5 confer negotiations. Should judicial intervention be required, Macy's will be required to
6 demonstrate on any such motion that the fees/costs it seeks are attributable to work that cannot
7 be used in any future litigation. Any such motion must be filed within 60 days of this court's
8 order.

9 SO ORDERED.

10 Dated: February 14, 2012



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

6

1  5:11-cv-00246-HRL Notice has been electronically mailed to:

2  Michael Corey Christman     michael.christman@macys.com

3  Perry James Woodward     pwoodward@terra-law.com

4  Sasha Lankarani     SLankarani@lkclaw.com, basano@lkclaw.com, thines@lkclaw.com

5  Susan Tayeko Kumagai     skumagai@lkclaw.com, basano@lkclaw.com, CGalloway@lkclaw.com, tngo@lkclaw.com

7  Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

7