*E-FILED: March 1, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARNER BECKETT, | No. C11-00246 HRL |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR FEES AND COSTS** |
| v. | |
| MACYSDSNB and DOES 1-5, | [Re: Docket No. 53] |
| Defendants. | |

Plaintiff Garner Beckett sued Macy's Credit and Customer Services, Inc. (Macy's)[1] for the alleged inaccurate and incomplete reporting of his credit information. In essence, he claimed that Macy's falsely reported to several credit bureaus that he failed to pay the outstanding balance on his Macy's credit card, even though Beckett says that his account was fully paid. His complaint asserted a sole claim for relief under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681s-2(b), which essentially imposes on Macy's a duty to conduct an investigation when it receives a notice of a dispute with respect to the completeness or accuracy of information provided to a consumer reporting agency.

Nearly one year into the litigation, Beckett's attorneys moved to withdraw. That motion was granted, and plaintiff's current counsel then substituted into the case.

Shortly after, Beckett moved to dismiss the complaint. Plaintiff asserted that his former attorneys improvidently filed the FCRA claim; and, he wanted to dismiss that claim without

---

[1] Defendant says that it erroneously was sued as "MACYSDSNB."

prejudice to pursue a claim in state court for alleged violation of California Civil Code § 1785.25(a). That statute prohibits a person from "furnish[ing] information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." CAL. CIV. CODE § 1785.25(a). The court found that Macy's would not be prejudiced by dismissal without prejudice as requested by plaintiff. Nevertheless, the court granted Macy's request to condition such dismissal on payment of Macy's reasonable fees and costs incurred. But an award would be made only for work that cannot be used in any future litigation. (Id.). (Dkt. 52, February 14, 2012 Order). And, the court stated that it was disinclined to award any fees or costs attributable to Macy's summary judgment motion, which was filed weeks after plaintiff moved for dismissal.

The parties were unable to agree on the amount of any award to be entered by the court. Macy's now moves for an order directing plaintiff to pay $23,276.09. Beckett opposes the motion. Although he does not take issue with the hourly rates charged, he challenges the reasonableness of the hours incurred on certain matters. He also contends that Macy's should not be reimbursed at all for other activities. The matter is deemed suitable for determination without oral argument. CIV. L.R. 7-1(b). For the reasons stated below, Macy's motion is granted in part and denied in part.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), abrogated on other grounds by Tex. State Teachers Ass'n. v. Garland Indep. Sch. Dist., 489 U.S. 782, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989). The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Id. In determining a reasonable number of hours, the court must review detailed time records to determine whether the hours claimed by the applicant are adequately documented and whether any of the hours were unnecessary, duplicative or excessive. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), reh'g denied, amended on other grounds, 808 F.2d 1373 (9th Cir. 1987). "Where the documentation of hours is inadequate, the district court may reduce the award

1  accordingly." Hensley, 461 U.S. at 433. "There is no precise rule or formula for making these
2  determinations." Id. "The court necessarily has discretion in making this equitable judgment."
3  Id. at 437.

4      Here, the record indicates that the hourly billing rates range from $100 to $260 for
5  attorneys and $90 for paralegal work. As noted above, plaintiff does not raise any issue with
6  respect to the rates charged or the skill and experience of the attorneys in question.
7  Additionally, this court is familiar with the range of rates customarily charged by attorneys
8  practicing before it, and the stated hourly rates appear to be in line with those charged for cases
9  of this magnitude and complexity and for similar work performed by attorneys of comparable
10 skill, experience, and reputation.

11     Plaintiff suggests that the fees/costs award be limited to $2,500.00, but he has not
12 provided a reasoned explanation as to how he arrived at that figure. Although the court declines
13 to adopt plaintiff's proposal, it agrees that a reduction in the claimed fees and costs is
14 warranted.

15     Scheduling Plaintiff's Deposition

16     Defendant does not seek reimbursement for the time spent taking plaintiff's deposition.
17 The parties disagree, however, whether defendant is entitled to recoup the fees incurred in
18 scheduling the deposition and in bringing an unopposed motion to compel plaintiff to appear for
19 the examination by a date certain and to extend the dispositive motion hearing deadline to
20 accommodate the deposition. The court is of the view that all efforts made in connection with
21 plaintiff's deposition are part and parcel of obtaining his deposition testimony, which Macy's
22 acknowledges may be useable in other litigation. Accordingly, defendant's request for these
23 fees and costs is denied; and, based on the court's review of defendant's billing statements, the
24 total award will be reduced by $3,794.00.

3

Mediation and Settlement Discussions

Macy's seeks reimbursement for the time its in-house counsel, Michael Christman,[2] spent drafting its mediation statement, as well as for the hours its outside litigation counsel spent attending the mediation. Although Macy's does not seek reimbursement for the time Christman spent at the mediation, it does seek payment of $1,492.50 in travel expenses he incurred in attending it. The mediation, says defendant, concerned Beckett's FCRA claim and could not possibly be useful for any other matter. But, the gist of plaintiff's claim—whether brought under the FCRA or the California Civil Code—is the same: he says that defendant falsely reported that his account was delinquent. Mediation and settlement discussions give litigants the opportunity to articulate to the other side and a neutral their positions and interests with respect to the matters in dispute. As such, the court does not consider the parties mediation or settlement efforts to have been a waste of time. Macy's request for these fees and costs is denied. Based on the court's review of defendant's billing statements, the total award will be reduced by $3,932.50.

Defendant's Discovery Requests

Macy's seeks reimbursement of fees and costs incurred in preparing one set of interrogatories and one set of requests for production. These discovery requests essentially seek facts, documents, and witnesses supporting plaintiff's allegations and his claimed damages. Aside from one interrogatory (Interrogatory No. 4) that specifically asked for the factual basis of the FCRA claim and the corresponding document request (Request for Production No. 4), all of the requests in question generally concern the basis for plaintiff's claim that Macy's furnished inaccurate and derogatory credit information about him and that he did not owe any debt to Macy's. It seems that such information would be pertinent whether plaintiff's claim is brought under the FCRA or California's fair credit reporting laws. Defendant says that Beckett's discovery responses (which were served at a time when he was represented by his

---

[2] Macy's says that it seeks reimbursement only for the time Christman spent preparing the case. Cf. Milgard Tempering, Inc. v. Selas Corp. of America, 761 F.2d 553, 558 (9th Cir. 1985) (observing that fees should not be awarded if in-house counsel is acting only as a liaison and is not actively participating in the preparation of the case.).

4

former attorneys) were not verified. It further points out that plaintiff testified in deposition that he had not previously seen those requests (or responses). As such, Macy's maintains that Beckett's responses are useless. Whatever issue Macy's might have with Beckett's discovery responses, the court finds that the time spent preparing the requests and efforts made to secure responsive discovery were not a wasted effort. Defendant will be allowed to recoup fees incurred in reviewing or analyzing Beckett's responses to written discovery, but not for review of his document production. Macy's request for these fees and costs is otherwise denied. Based on the court's review of defendant's outside litigation attorneys' billing statements, the total award will be reduced by $427.50. Fees incurred for Christman's time spent on discovery will be addressed below.

Block Billing

In support of the instant motion, Christman submitted a block-billing summary of his activities in this litigation. He advises that although Macy's in-house counsel do not keep traditional billing records, they do track their hours in a given lawsuit on a weekly basis. Christman avers that, based on his review of his records for this case, he was able to recreate the time he spent on this litigation in 2011. The billing summaries, he says, are accurate, albeit conservative. Plaintiff complains that the block-billing makes it impossible to ascertain the reasonableness of defendant's claimed fees and costs.

Christman is charging a rate of $100 per hour, which is far below the prevailing rates here. Nevertheless, the court agrees that the block-billing format makes it difficult to assess how much time was spent on matters for which reimbursement is (and is not) being allowed and whether the time reasonably was spent. Accordingly, the fees and costs claimed for Christman's work will be discounted as follows:

- The court has already discounted the $1492.50 in costs incurred in connection with the mediation.
- The court has already discounted the full 9.1 hours ($910.00) incurred in May 2011 for the preparation of defendant's mediation statement and discovery responses.

5

- As for all other time entries on Christman's billing summary, and the remaining $743.03 in costs, the court will apply a 5% across-the-board reduction, for a total deduction of $311.15.

Total Award

Deducting the amounts discussed above from defendant's requested $23,276.09, leaves a total award of $14,810.94. Plaintiff shall pay that amount to defendant.

The clerk shall close this file.

SO ORDERED.

Dated: March 1, 2013



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:11-cv-00246-HRL Notice has been electronically mailed to:

Michael Corey Christman     michael.christman@macys.com

Perry James Woodward     pwoodward@terra-law.com

Sasha Lankarani     slankarani@burnhambrown.com, djones-wilson@burnhambrown.com

Susan Tayeko Kumagai     skumagai@lkclaw.com, basano@lkclaw.com, CGalloway@lkclaw.com, tngo@lkclaw.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

**United States District Court**
For the Northern District of California